## COMMONWEALTH *vs.* JOHN CARR.

Under the *St.* of 1858, *c.* 45, § 1, conferring jurisdiction on police courts of all offences subject to the penalty of a fine not exceeding one hundred dollars, or imprisonment not exceeding one year, or to both of these penalties, a police court may try a common seller of intoxicating liquors, who, by the *St.* of 1855, c. 215, § 17, is, if convicted, to pay a fine of fifty dollars and costs, and be imprisoned not exceeding six months, and stand committed until the fine or costs are paid, and also, by § 33, to enter into a recognizance not to violate any law relating to the manufacture and sale of intoxicating liquors for one year.

COMPLAINT on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors. The defendant was tried and convicted in the police court of Taunton, and appealed to the court of common pleas, and, before trial in that court, moved that he might be discharged and the case dismissed, because the

police court had no jurisdiction to try the case, and because the defendant could only be tried for this offence in the court or common pleas upon indictment by a grand jury. But *Briggs*, J. overruled the motion, and the defendant was convicted, and moved in arrest of judgment for the same reasons, and, that motion also being overruled, alleged exceptions.

*C. I. Reed*, for the defendant. The police court had no jurisdiction, unless by virtue of the *St.* of 1858, *c.* 45, § 1, conferring on police courts jurisdiction " of all offences which may be subject to the penalties of either a fine not exceeding one hundred dollars, or imprisonment in the county jail or house of correction not exceeding one year, or to both of said penalties." But this statute does not confer jurisdiction to try a common seller, who, if convicted, must, by the *St.* of 1855, *c.* 215, § 17, " pay fifty dollars and the costs of prosecution, and be imprisoned in the house of correction not less ·than three or more than six months, and stand committed until the said fine and costs are paid ; " and also, by § 33, " recognize to the Commonwealth in a sum not less than one thousand nor more than two thousand dollars, that he will not, within one year from the time of said conviction, violate any provision of this act, or any law of this Commonwealth relating to the manufacture and sale of intoxicating liquor, and stand committed until he enter into such recognizance."

*S. H. Phillips*, (Attorney General,) for the Commonwealth

SHAW, C. J. The jurisdiction of the police court over this case depends upon the construction of the *St.* of 1858, *c.* 45, which does present a question of some difficulty. But on looking carefully at the statute, it is not where there are no other punishments, but where the limit of the fine is one hundred dollars, and of the imprisonment not exceeding one year, that police courts are to have jurisdiction. Although the requiring of a bond for good behavior may in a certain loose sense be regarded as part of the punishment, yet that, as well as payment of costs, is but an incidental consequence, and not a part of the penalty, in the sense of the act. The question is as to the intention of the legislature. This is clearly within the literal

terms of the statute, and if we go from the letter to the great purpose of the act, it is clear that these consequences were not taken into consideration in prescribing the rule which defines the jurisdiction by the amount of fine and the length of imprisonment.                    *Exceptions overruled.*