BAKER & RUBEL *v.* WHIPS & WIFE AND MIX.

[Abstract Kentucky Law Reporter, Vol. 6—307.]

**Reply to answer.**

Where a demurrer to a petition is overruled and the petitioner has no opportunity to amend his petition but is required to make an issue with the defendant on the answer by reply, the cause should be heard on its merits, or in case the court becomes convinced that the petition was bad the order overruling the demurrer to it should be set aside and the demurrer sustained with leave to the plaintiff to amend.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

October 30, 1884.

OPINION BY JUDGE PRYOR:

The demurrer to the amended petition in this case was overruled and this left the plaintiff in court with a cause of action if the judgment overruling the motion was proper. The answer of Cooper, Whips and wife, etc., places in issue the ownership of the property at the time the burden was imposed and also pleads a former adjudication in bar of the recovery. If either answer is sustained it defeats the recovery but an issue was tendered by the plaintiff in a reply filed and the demurrer to the reply sustained. We see no reason why the reply was not good as it traversed the allegations contained in the several answers. We are inclined to adjudge that the demurrer to the petition should have been sustained, but inasmuch as it was overruled the appellant had no opportunity to amend, but was required to make an issue with the appellees on the defense tendered and when doing so the case should have been heard on its merits, or if the court had become convinced that the petition was bad, the order overruling the demurrer should have been set aside and the demurrer sustained with leave to amend. The answer, if true, made the case plain for the defendants, but that was a question under the state of the pleadings that ought to have been tried. The answer of the appellee places in issue the publication of the ordinance and to this extent the petition is made good, and besides the plaintiff replies that it was published. Whether the Council can correct the warrants is left an open question.

The judgment must be *reversed* and cause remanded with directions to overrule the demurrers to the reply and for pleadings consistent with this opinion.

F. T. Fox, Jr., for appellants.

C. B. Seymour, for appellees.