J. N. Hudson, *Plaintiff in Error,* v. The State of Florida, *Defendant in Error.*

Division A.

Opinion filed May 5, 1930.

1022

*Malcolm·R. Williams* and *George W. Dayton,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

TERRELL, C. J.—On the 18th of February, 1929, plaintiff in error was found guilty of aggravated assault and fined one hundred dollars and cost, or in lieu of payment thereof, to serve six months in the county jail. On the same date plaintiff in error on a plea of nolo contendere was adjudged guilty of assault and fined one dollar and cost, or in lieu of payment thereof, to serve two months in the county jail, the second sentence to begin and continue from the expiration of the first.

The fine and cost in either case not having been paid, plaintiff in error was committed to the county jail and after serving more than sixty days applied for his discharge as provided in Section 6118 Rev. Gen. Stats. of 1920 (Sec. 8423 Comp. Gen. Laws of 1927). His application was denied and writ of error was taken to the order of denial.

The pertinent part of Sec. 6118 Rev. Gen. Stats. of 1920 to this decisoin is the concluding proviso, which is as follows: Provided, that the amount of the fine or fine and cost for which such person shall have been imprisoned

.does not exceed one hundred dollars. The court below declined to discharge the. plaintiff in error because the fine and cost amounted to more than one hundred dollars. It is contended here that that portion of the statute relating to costs is inoperative because when added to the fine it varies the applicaion or jurisdiction of the court in criminal cases.

It may be conceded that generally costs follow the sentence but they are no part of the fine actually imposed, otherwise they would have to be taken into account when imposing the fine and conditions would no doubt arise in which jurisdiction would be affected. In this case the statute imposes a condition precedent to being released from custody in certain cases which condition is that the "fine or fine and cost" does not exceed one hundred dollars. Release, therefore, is merely a matter of meeting the terms of the statute. No question of jurisdiction is involved.

Affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.