CITY OF TOLEDO, APPELLEE, *v.* BADER ET AL., APPELLANTS.

(Decided November 8, 1937.)

*Mr. Martin S. Dodd,* director of law, and *Mr. Merritt W. Green,* for appellee.

*Mr. Dan McCullough,* for appellants.

LLOYD, J.   On February 15, 1937, an affidavit was filed in the Municipal Court of Toledo charging that:

"On or about the 13th day of February, 1937, in said city and county, Joseph Bader and others on list attached, did unlawfully loiter about a gambling house at 234 Superior and further deponent saith not; contrary to the form of an ordinance of said city in such cases made and provided."

Attached to the affidavit on a separate sheet of paper are 73 typewritten names, one of which is Bader. No objection is made on this score, but it would seem that it might have been well, and certainly it would present a better appearance, had it all been typewritten as one document, instead of attaching to the affidavit an exhibit on which is typed the names of the defendants. There is no requirement that a printed form must always be used.

The sections of the ordinance in question read as follows:

"Section 1000. *Loitering in Bar Rooms, etc.* It shall be unlawful for any person to be found loitering about any common bar-room, dram-shop, gambling house or house of ill-fame, or wandering about the streets, either by night or day, without any lawful means of support, or without being able to give any satisfactory account of himself.

"Section 1001. *Penalty.* Any person offending against any of the provisions of the two preceding sections shall, upon conviction, be fined in any sum not exceeding $50.00 and costs of prosecution and stand committed to the workhouse until paid."

At the trial in the Municipal Court the defendants pleading not guilty were "found guilty and sentenced to pay a fine of $300 and costs together, costs taxed at $8.30." Motion for a new trial having been overruled, the defendants appealed to the Court of Common Pleas where the finding and judgment of the Municipal Court was affirmed. They now appeal to this court on questions of law, assigning numerous alleged prejudicial and reversible errors.

The first of these relates to the grammatical construction of Section 1000 of the ordinance, the contention made being identical with that presented in the case of *City of Toledo* v. *Wagner,* 57 Ohio App., 160. The decision in that case being adverse to the appellants, further comment is unnecessary.

Preceding the trial, the defendants by successive motions, each of which was denied, moved "for a jury trial as to each defendant," "for a separate trial for each defendant" and "for an order severing the affidavit filed therein into separate affidavits as to each defendant."

The motion for a jury trial is founded on Section 13443, General Code, which reads:

"At any trial, in any court, for the violation of any statute of the state of Ohio, or of any ordinance of any municipality, except in cases where the penalty involved does not exceed a fine of fifty dollars, the accused shall be entitled to be tried by a jury drawn in the manner prescribed by law for the selection of jurors."

The contention is that the costs are a part of the fine, and therefore the penalty provided in Section 1001 exceeds the limitation prescribed by Section 13443, General Code. Our conclusion is otherwise.

Section 13451-18, General Code, provides: "In all sentences in criminal cases, including violations of ordinances, the judge or magistrate shall include therein, and render a judgment against the defendant for the costs of prosecution, and if a jury has been called to the trial of the case, a jury fee of $. . . . shall be included in the costs, which, when collected, shall be paid to the public treasury from which the jurors were paid," thereby recognizing that the fine imposed and "costs of prosecution" are two different and separate consequences. As said in *Olds* v. *Forrester*, 126 Iowa, 456, at page 459, 102 N. W., 419:

"They [costs] are no part of the penalty. They are not assessed against the accused as a punishment, but rather in pursuance of the general policy by which the losing party in judicial proceedings is required to pay all taxable costs. * * * While in form the judgment for costs is in favor of the State, its interest is nominal only, the real parties in interest being the officers and witnesses to whom the fees are due."

Other cases, among which are the following, also hold that the costs constitute no part of the fine but follow it as a matter of course: *State* v. *Roy*, 152 La., 934; *Estep* v. *Lacy*, 35 Iowa, 419; *Hudson* v. *State*, 99 Fla., 1021, 129 So., 106; *Commonwealth* v. *Carr*, 11 Gray (77 Mass.), 463; *State* v. *Price*, 124 La., 917.

*Albertson* v. *Kriechbaum, Sheriff*, 65 Iowa, 11, is in principle parallel to the instant case. The statute there in question is quoted at page 15 *et seq.*, thereof. For its violation, it provides: ''A fine of not less than fifty nor more than one hundred dollars, and costs of prosecution,'' and commitment to ''the county jail until such fine and costs are paid.''

At page 17 of its opinion, that court says:

''The power to tax the cost of the prosecution against the defendant exists independently of the statute in question. It has been the uniform practice of the courts of this state, in criminal cases, on the conviction of the defendant, to tax the costs of the prosecution to him; and the power to do this is not questioned. The only effect of the statute, then, on the powers of the courts with reference to the taxation of costs, is to empower them to commit the defendant in case of his refusal to pay such costs as may be taxed against him. The provision with reference to the imprisonment of the defendant is, that he 'shall stand committed until such fine and costs are paid.' This does not empower the court to imprison him in punishment for his offense.''

And in *Hudson* v. *State, supra,* comment is made upon the uncertainty that would result from an interpretation such as is sought by counsel for appellants.

Although the case of *Symons* v. *Eichelberger,* 110 Ohio St., 224, 144 N. E., 279, is a civil action, what is said in the opinion at page 238 as to costs is not inapplicable to the instant question.

The next contention made by appealing defendants, and which was not presented or urged in the *Wagner case, supra,* is that if guilty they were guilty of independent and non-related offenses and therefore are entitled to have the affidavit charging the offense treated as separate and distinct affidavits charging separate and disassociated offenses requiring individual trials.

"To loiter" is to idle away or waste one's time and as I suggested in the *Wagner case,* is not in and of itself criminal. One may indulge this pastime for purposes of relaxation or from sheer laziness or because, out of, or unable to obtain, employment. Whatever the reason, it is an independent act dependent upon the whims, necessities or tendencies of the loiterer. The offense charged against each of the defendants is "loitering in a gambling house," not an offense committed by them collectively.

In *State* v. *Herrera,* 28 N. M., 155, 207 P., 1085, 24 A. L. R., 1134, in relation to perjury, it is said:

"Perjury, by its very nature, is an individual offense which may not be committed by several persons together."

Other illustrative cases are: *Commonwealth* v. *Gest,* 6 Ky. Law Rep., 307; *Walker* v. *Commonwealth,* 162 Ky., 111, 172 S. W., 109; *Lindsey* v. *State,* 48 Ala., 169; *Cox* v. *State,* 76 Ala., 66; *Townsend* v. *State,* 137 Ala., 91; *State* v. *Payton,* 45 Idaho, 668, 264 P., 875; *State* v. *Lancaster,* 36 Ark., 55; *State* v. *Wainright,* 60 Ark., 280; *State* v. *Roulstone,* 35 Tenn., 107; *State* v. *Deaton,* 92 N. C., 788; *U. S.* v. *Kazinski,* 2 Sprague (U. S.), 7.

Our conclusion is that the affidavit charges seventy-three offenses, one against each of the appellant-defendants, and that upon motion therefor they were entitled to have it so considered, with consequent separate trials.

The omnibus procedure followed in the trial court may have been the easy way, but the longest way around is sometimes the shortest way home. Each individual charged with having committed a crime individually and alone, even though simultaneous with like offenses by other individuals, is entitled to be tried and to make his defense unhampered by what the evidence may develop as to other persons on trial charged with like offenses. To deny the last referred to mo-

tion of the defendants was prejudicial error for which the judgments of the Court of Common Pleas and of the Municipal Court must be reversed and the cause remanded to the Municipal Court for further proceedings according to law.

Reverting to the sentence imposed, we may suggest that it is impossible therefrom to say what fine is imposed on any one of the defendants. It is a cover-all sentence and palpably erroneous, and if no other errors appeared in the record requiring reversal of the judgment, it necessarily would be reversed for re-sentence.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.