## STATE v SMITH

Common Pleas Court, Greene Co

No 22316. Decided Dec 20, 1940

W. A. Miller, city solicitor, Xenia, for plaintiff.

Iddings, Jeffrey & Weisman, Dayton, for defendant.

### OPINION

By JOHNSON, J.

This case came into this court on the appeal of Charles Smith from a finding and judgment of the Municipal Court of the city of Xenia, in which court he was charged with the violation of Ordinance No. 555 of the city of Xenia, Ohio, being particularly charged with having in his possession paper writings known as number slips.

It appears that the defendant, Charles Smith, was driving an auto-

mobile in the city of Xenia, Ohio, on the eleventh day of January, 1940, on a public thoroughfare in said city, and that as he approached the intersection of said street with another his passage was blocked by a car parked directly across the intersection and in front of said defendant, which prevented him from continuing in the direction in which he was going. The automobile which blocked his path was not a police car, but belonged to and was being driven by officer Stephens, a member of the police force, city of Xenia, Ohio, who was in plain clothes at said time and place. The officer who made the arrest did not claim that he saw the defendant, Charles Smith commit either immediately before the arrest or at the time of the arrest any offense either under the laws of the state of Ohio or the ordinances of the city of Xenia. The officer did not have any search warrant or any warrant for the arrest of said defendant, but he took the said defendant to police headquarters where he was searched and paper writings, to-wit: number slips were found on the person of said Charles Smith.

The defendant-appellant sets up the following grounds for reversal of said conviction:

1. That the Municipal Court erred in refusing the defendant-appellant's demand for a jury trial.

2. That the Municipal Court erred in overruling the defendant-appellant's motion to suppress the evidence and return the same to the defendant-appellant.

The defendant before proceeding to trial in this matter filed a written demand with the Municipal Court for a trial by jury. This was refused by the court for the reason that Ordinance No. 555 of the city of Xenia provided only for a fine in the amount of fifty dollars upon conviction. Said ordinance of the city of Xenia is as follows:

"Be it ordained by the City Commission of the city of Xenia, state of Ohio:

"Section 1. It shall be unlawful for any person to make any wager upon, or for any person, firm or corporation, acting by or through its agents or employees, to receive and hold any money wagered upon any race, contest of skill, speed, or power of endurance of man or beast.

"Section 2. It shall be unlawful for any person, firm or corporation to record any wager, or sell pools, or have in his, its, or their possession any apparatus, book or books, or device for recording wagers or selling pools upon the result of any trial or contest of skill, speed, or power of endurance of man or beast.

"Section 3. It shall be unlawful for any person to have in his possession or custody, or under his control, any ticket, check, writing, slip, paper, or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, any wager upon the result of a race, contest of skill, speed, or power of endurance of any man or beast.

"Section 4. It shall be unlawful for any person to have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, "policy," or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid, or carried on within or without this city.

"Section 5. The provisions of the preceding sections of this ordinance shall not apply to any persons described in said sections engaged in the procuring or furnishing of evidence of the violation of any of the laws of the state of Ohio, or ordinances of the city of Xenia relating to gambling.

"Section 6. Any person, persons, firm or corporation doing anything declared by this ordinance to be unlawful shall, upon conviction thereof, be fined in the sum of fifty dollars ($50)."

The court based its refusal to grant a jury trial upon §13443 GC, which is as follows:

"At any trial, in any court, for the violation of any statute of the state of Ohio, or of any ordinances of any municipality, except in cases where the penalty involved does not exceed a fine of fifty dollars ($50.00), the accused shall be entitled to be tried by a jury drawn in the manner prescribed by law for the selection of jurors."

It is contended by counsel for the appellant that said §13443 GC, is unconstitutional because **Art. 1, §10, of the Constitution of the State of Ohio** reads as follows:

"In any trial in any court, the party accused shall * * * have a speedy, public trial by impartial jury of the county in which the offense is alleged to have been committed."

**Art. 1, §5, of the Constitution of the State of Ohio,** also, provides that:

"The right of trial by jury shall be inviolate."

This court is of the opinion that this contention is correct, but the Supreme Court of Ohio has said otherwise, and gives as the reason that at the time these provisions in the Constitution were adopted persons were only entitled to trial by jury where imprisonment was a part of the penalty, and that the framers of the Constitution only meant to preserve that which the people already had. This court is of the opin-ion that if the framers of the Constitution had meant to preserve only that which we had at the time they would have said so in the Constitution itself, because in several instances in the Constitution of the United States reference is made to rights preserved which people had in the common law. In Amendment 7 of the Constitution of the United States, it is specifically provided that a jury trial in civil matters shall be granted where the amount exceeds twenty dollars. In other words, the framers of the Constitution of the United States specifically said that a jury trial should be granted if the amount sued for exceeded twenty dollars.

The framers of the Constitution of the State of Ohio understood the meaning of the English language, and if they had wanted to have given a jury trial only where imprisonment was a part of the penalty, it is the opinion of this court that they would have said so, and these provisions of the Ohio Constitution, guaranteeing the right to trial by jury were adopted to correct abuses which were present at that time in the failure of defendants to obtain jury trials. I do not know how you would go about writing the Constitution in any plainer language than it is in at the present time if you wanted to grant a trial by jury to all persons at all times because it says "in any trial in any court the party accused shall have a right to a jury trial." However, this court feels that it is bound by the decision of the Supreme Court, but hopes that the present Supreme Court will reverse the previous decisions and hold that everyone is entitled to a trial by jury. It is useless for people to fight to preserve democracy, and our Constitution if the courts by judicial construction can annul the provisions thereof. However, in view of the decision of the Supreme Court of Ohio, this court will not declare said section unconstitutional.

Counsel for the defendant-appellant argue that even if the court should find that §13443 GC, is constitution-

al the defendant was entitled to a jury trial because §13451-18 GC, reads as follows:

"In all sentences in criminal cases including violation of ordinances, the judge or magistrate shall include therein and render a judgment against the defendant for the costs of prosecution."

The Municipal Court followed this section, which it was its duty to do, and it is argued by counsel for the defendant that this section, together with Ordinance No. 555 of the City of Xenia, made it possible to pass a sentence of more than fifty dollars, and that, therefore, the defendant was entitled under §13443 to a jury trial.

It is contended by counsel for the city of Xenia that the costs imposed on the defendant in a criminal case are not to be understood as a part of the punishment of the offense for which he was convicted, and that it is within the discretion of the court as to whether or not the collection of the fine and costs shall be enforced by confinement.

It is the duty of the court, unless the fine and costs are suspended, to commit the defendant to jail for non-payment unless he pays the fine and the costs. Judge Gorman, former judge of the Supreme Court, rendered a decision on this same matter while he was judge of the Common Pleas Court of Hamilton County in the case of **Hayes v Pontius**, which was decided May 4, 1935, in which he held that the costs of prosecution in a misdemeanor case constituted a penalty within the meaning of §13443 GC. In this opinion Judge Gorman said:

"If the defendant can be imprisoned for the failure to pay costs, it seems idle to say that such a sentence is not a penalty. Certainly, when the defendant is fined merely the costs, he is being penalized. If he can not pay the costs, under our law he goes to jail.

"If he is fined $50.00 and the costs. the defendant must at least spend one more day in jail if he is unable to pay that than if the fine was simply $50.00.

We say this because in all criminal cases the costs are assessed with the taking, certifying and docketing of the affidavit.

"Therefore, the lowest possible maximum penalty must exceed a fine of $50.00 because some costs are to be assessed. If the General Assembly had intended that a right to a trial by jury was to be granted in those cases where the fine imposed was in excess of $50.00 exclusive of costs, it seems that it could easily have said so. In view of the interpretations in other states, the possibility of imprisonment in the event of the failure to pay the costs, and the choice of the legislature of the term 'penalty' instead of 'fine', the court is forced to the conclusion that a defendant prosecuted under the disorderly conduct ordinances was entitled to a trial by jury."

"In other words, an ordinance which provides for the imposition of a fine of fifty dollars ($50.00) and costs contains a penalty greater than a fine of fifty dollars ($50.00)."

While the Xenia ordinance does not provide a fine of fifty dollars and costs, yet it is mandatory upon the Municipal Court to follow the statute and assess the costs under §13451-18, which means the same thing as if the ordinance itself had contained that provision. It will be noted that §13451-18 makes the costs in a criminal case, including violations of ordinances, a part of the sentence itself, because, again quoting that section, it reads as follows:

"In all sentences in criminal cases including violations of ordinances, the judge or magistrate shall include therein * * *."

"Therein" evidently refers to the sentence. So that it is clear to the court that the costs are as much a part of the sentence as the fine itself. It is possible for a case to have costs amounting to several hundred dollars, for the non-payment of which the defendant is committed to the same jail.

276

is confined in the same cell, and is given credit for time served at the same rate as he is for non-payment of the fine, and to say that that is not a part of the punishment is, in the opinion of this court, sheer folly and a travesty on justice. So that the court is of the opinion that Judge Gorman was absolutely correct.

Therefore, the courts finds that the Municipal Court was in error in refusing to grant to the defendant his demand for a jury trial.

The second ground of error complained of is that the Municipal Court erred in overruling defendant-appellant's motion to suppress the evidence and return the same to the defendant-appellant. This presents a very interesting question. Before the case was heard the defendant filed a motion to suppress the evidence and return the same to the defendant, and relied upon the fact that the officer did not see the defendant commit any offense before or at the time ne was arrested and that the officer did not have a search warrant or any other warrant in reference to the defendant, and that the seizure of the evidence from the person of the defendant violated the constitutional right of the defendant, to-wit: **Art. 1, §14 of the Constitution of the State of Ohio,** which provides:

"The right of the people to be secure in their persons, houses, papers and effects, against unreasonable search and seizure, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the person or things to be seized."

It has been held many times by the Supreme Court of the United States that where officers get evidence in violation of the provisions of the Constitution of the United States that said evidence will not be received in court. The Supreme Court of the State of Ohio recognized this rule up until the decision of Judge Zimmerman in the case of the **State v Lindway, 131 Oh St at p. 166, 5 OO 538,** in which case the previous rulings of the court in the case of **Nicholas v City of Cleveland, 125 Oh St 474,** and **Browning v City of Cleveland, 126 Oh St 285,** were overruled by a divided court. In that case, Jones, Matthias, and Day concurred in the judgment but not in the opinion of Judge Zimmerman. They concurred in the judgment because the record disclosed that the premises in that case which were searched were used otherwise than as a private dwelling.

However, it was not premises that were searched in this case; it was the person of the defendant, and Judge Zimmerman in his opinion at page 172 of the Lindway case says that: "We confine our discussion, however, to search and seizure in a dwelling or other premises." From which it might be inferred that had it been the person of the defendant that had been searched the decision of the court would have been otherwise. Therefore, this court is of the opinion that the Lindway case does not apply in cases such as the one at bar where the person of the defendant has been searched by the officer illegally.

It has been repeatedly held and has always been the law that where a confession is gotten from a person through force or duress it will not be received in court. It has been the law of the State of Ohio for ▬▬▬▬▬ many years that an officer can arrest a person for a felony on information and belief, but he can not arrest a person for commission of a misdemeanor or violation of a city ordinance unless the officer sees the person commit the misdemeanor or violate the city ordinance or unless he has a warrant for the arrest of the person. Therefore, the arrest in this case was entirely illegal and the search of the ▬▬▬▬▬ person of the defendant by the officers was an unreasonable search in violation of the Constitution of the State of Ohio. Acts of an officer which would constitute unreasonable search and seizure in a misdemeanor case or in the violation

of a city ordinance might not constitute unreasonable search and seizure in a felony case where an officer would have a right to arrest a person without a warrant and on probable cause. The defendant in this case had to submit to the arrest and seizure, because had he refused to do what the officer told him to he could have been charged with resisting an officer. So that when he was arrested under the circumstances in this case and taken to the police station and the evidence forcibly taken from his person he was as much compelled to furnish evidence against himself as if a confession had been wrung from him involuntarily. It is not sufficient to say that a person may have an action against the officer. The court should uphold the person's constitutional rights and not compel him to hire counsel and file a suit in order so to do, as it is the opinion of this court that it is the duty of the court to protect the constitutional rights of all persons.

In Judge Zimmerman's opinion in the Lindway case, he cites Professor Wigmore in his work on evidence in which he says that to exclude evidence illegally obtained is misguided sentimentality. This court is not of that opinion and does not believe it is "misguided sentimentality" to uphold a plain provision of the Constitution of the State of Ohio. In this case the defendant's constitutional guarantees were violated. It is the opinion of this court that it is a much greater offense to trample under foot the guarantees given to us under the Constitution than it is to violate a city ordinance. This court has had a long experience in the enforcement of the law, and it has never yet seen a case where evidence was illegally obtained that it could not have been obtained legally if the officers had taken the trouble to do so.

Therefore, the court thinks that the Municipal Court was in error in overruling the motion of the defendant to suppress the evidence and return it to the defendant.

Therefore, the cause is reversed and remanded for the reason that a jury trial was denied and for the further reason that the motion of the defendant to suppress the evidence should have been sustained.