### XENIA (City) v SMITH

Ohio Appeals, 2nd Dist, Greene Co

No 467.   Decided July 3, 1941

W A. Miller, City Solicitor, Xenia, for plaintiff-appellant.

N. L. Weisman & Harry Jeffrey, Dayton, for defendant-appellee.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the judgment of the Court of Common Pleas of Greene County, Ohio.

The case originated in the Municipal Court of the City of Xenia, Ohio, wherein the defendant. Charles Smith, was found guilty of the violation of Ordinance No. 555 of said city, and was thereupon fined the sum of $50.00 and the judgment for costs.

Thereafter the necessary steps were taken through which the cause was appealed to the Common Pleas Court of Greene County, Ohio.

Within due time the court rendered its decision, reversing and remanding said cause.

Within due time the plaintiff gave notice of appeal, thereby lodging the cause in our court.

The following summary of essential facts, together with the various procedural steps taken before the Municipal Court, will render understandable the exact nature of the controversy.

On January 11, 1940, in the city of Xenia, the defendant, Charles Smith, was arrested at the intersection of Center and Locust Streets, in said city. Defendant at the time was driving an automobile and was stopped by an officer in plain clothes, driving his own private car, and so placing his car as to block defendant's passage. The officer had not observed the defendant commit any violation of law, nor did the officer have a warrant for defendant's arrest or a search warrant. The defendant was alone in his automobile.

Immediately after the defendant was stopped and arrested, he was searched and there were found in defendant's possession certain slips of paper, all containing pencil markings, and such as are generally used in the playing of policy numbers.

Immediately thereafter an affidavit was filed, charging defendant with having in his possession and custody papers evidencing or intending to be used in the operation of the lottery policy or scheme of chance commonly known and denominated as playing the numbers, contrary to Ordinance No. 555 of the city of Xenia.

Thereafter on January 26, 1940, the defendant, through his counsel, filed motion to quash on the ground that the affidavit did not state an offense under the ordinance and that the expression "playing the numbers" was prejudicial to defendant.

Also there was filed a demurrer on three grounds:

1. That Ordinance No. 555 violated the Fifth and Fourteenth Amendments to the Constitution of the United States;

2. That said ordinance violated the provisions of **Art. 1, Sec. 10 and Sec. 14 of the Constitution of Ohio;**

3. That said ordinance constitutes an abuse of the police powers of the city.

Defendant on the same day filed written demand for trial by jury.

On the same day, defendant, through his counsel, filed a motion to suppress the evidence and have the same returned to defendant for the reason that the same was illegally obtained.

On the 19th day of March, 1940, the Municipal Court overruled the motion and demurrer and denied the application for a jury trial.

The matter then came on for hearing upon defendant's plea of not guilty and upon an agreed statement of facts. Defendant was found guilty and fined the sum of $50.00 and costs.

The Court of Common Pleas in reversing the Municipal Court held substantially that the trial court was in error in refusing to grant the application to suppress the evidence, which was admittedly illegally obtained; and, further, that the trial court was in error in disallowing defendant's motion for a jury trial.

Plaintiff-appellant in his assignment of errors sets out four separately numbered specifications, but we will only make reference to the first two, since Nos 3 and 4 can hardly be denominated as assignments of error, and for the further reason that neither is discussed in the brief.

Assignments Nos. 1 and 2 read as follows:

1. The Common Pleas Court erred in holding that defendant's demand for a jury trial should have been granted.

2. The Common Pleas Court erred in holding that defendant's motion to suppress the evidence and return the same to the defendant should be granted by the trial court.

The pertinent part of Ordinance No. 555 reads as follows:

"Section 4. It shall be unlawful for any person to have in his possession, or in his custody, or under his control, any ticket, check, writing, slip, paper or document, which represents or is a memorandum of, or is evidence of, or is intended to be used as a memorandum or evidence of, or which is designed or intended to be used in the process of making, settling, paying, registering, evidencing, or recording, a number of shares or an interest in a lottery, "policy", or scheme of chance, by whatever name, style, or title denominated or known, whether located or to be drawn, paid, or carried on within or without this city."

Section 6 of the ordinance reads as follows:

"Sec. 6. Any person, persons, firm or corporation doing anything declared by this ordinance to be unlawful shall, upon conviction thereof, be fined in the sum of fifty dollars ($50.00)."

Defendant's demand for a jury trial was predicated on **Art. I, Sec. 5, of the Constitution of Ohio:**

"The right of trial by jury shall be inviolate," and **Art. I, Sec. 10 of the Constitution of the State of Ohio,**

"In any trial, in any court the party accused shall * * * have a speedy, public trial by impartial jury of the county in which the offense is alleged to have been committed."

The trial court's refusal to grant a jury trial was based on §13443 GC. This sections reads as follows:

"At any trial, in any Court, for the violation of any statute of the State of Ohio, or of any ordinances of any municipality, except in cases where the penalty involved does not exceed a fine of fifty dollars ($50.00), the accused shall be entitled to be tried by a jury drawn in the manner prescribed by law for the selection of jurors."

Counsel for defendant argue that the above section of the General Code is unconstitutional by reason of the foregoing quoted provisions of the Ohio Constitution. Defendant-appellee makes the further claim that even though Section 13443 may be held to be constitutional, still defendant was entitled to a jury trial by reason of §13451-18 GC, which, it is claimed, must be read in connection with §13443 GC. It was the holding of the Common Pleas Court that §13443 GC was constitutional. That court, however, held that defendant was entitled to a jury trial by reason of §13451-18 GC.

Counsel for defendant still urge their original position that §13443 GC is unconstitutional, notwithstanding the contrary ruling of the Common Pleas Court.

This is not a new question. Ever so often enterprising counsel argue the question anew, under the seemingly clear and positive terms of the sections of the Ohio Constitution above quoted. Able counsel for at least half a century have argued that there is no sound basis for denying a jury trial under the provisions of the Constitution. Time and again, the question has been carried to the Supreme Court, but in each and every instance that court has adhered to its earlier pronouncements. In substance, the Supreme Court has consistently held in numerous cases that the right of trial by jury is guaranteed under the Constitution only in those cases where the right existed under the common law previous to the adoption of the Constitution. The following cases and authorities discuss the right of trial by jury:

Inwood v State, 42 Oh St 186;
State v Ex rel, 69 Oh St 196;
Carey v State, 70 Oh St 121;
State v Borham, 72 Oh St 358;
Hoffrichter v State, 102 Oh St 65;
Steiss v State, 103 Oh St 33;
Cochran v State, 105 Oh St 541;
12 O. Jur., Criminal Law, 139, §106.

The Common Pleas Court in the instant case makes a very strong argu-ment as to why the provisions of the Constitution should be followed literally but winds up with the statement that the Supreme Court has decided to the contrary, therefore he yields to the decisions of the higher authority and declares the section constitutional.

For the same reasons we determine that the trial court was not in error in his determination that §13443 GC was constitutional.

However, the court determined that the defendant was entitled to a jury trial and that the Municipal Court was in error in denying such request.

This determination was by virtue of the provisions of §13451-18 GC, taken in connection with the penalty provisions of the ordinance and the $50 limitation under §13443 GC.

Sec. 13451-18 GC, reads as follows:

"In all sentences in criminal cases including violations of ordinances, the Judge or Magistrate shall include therein and render a judgment against the defendant for the costs of prosecution."

It is argued that since the ordinance provided the liability of fine for $50.00, and the above quoted section requiring judgment for costs being mandatory, thereby the penalty imposed would be more than $50.00, and under §13443 GC, would require a jury trial when demanded.

This identical question was before the Court of Appeals of Lucas County, decided in 1937, City of Toledo v Bader, 58 Oh Ap 143. The second syllabus reads as follows:

"2. The costs in a trial do not constitute a part of the fine so as to make an offense penalized at $50.00 require a jury trial under §13443 GC."

The decision by Lloyd, J., discusses the question at length and the opinion should be read in its entirety.

We are also referred to a very well considered opinion holding a contrary view, rendered in 1935, by Judge Gorman, while sitting as Common Pleas

Judge in Hamilton County, Ohio, Hayes v Pontios.

We find the weight of authority in other jurisdictions supporting the Bader case, supra. State v Price, 124 La. 917; State v Crook, 115 N. C. 760; Olds v Forrester, 126 Iowa 456; State v Roy, 152 Pa. 934; Estep v Lacy, 35 Iowa 419; Hudson v State, 99 Fla. 1021; Commonwealth v Carr, 77 Mass. 463.

The following is taken from 15 Am. Jurisprudence, p. 182, §542:

"542. **Costs as Part of Fine; Forfeiture as Fine.** Costs follow sentence, but are not part of the fine actually imposed. If costs constituted a part of the fine, the court in every case would have to take them into account in imposing either the minimum or maximum fine authorized to be imposed. Such has never been the practice or the understanding. Where the conviction of a person forfeits his right to carry on the business in which he was engaged, such forfeiture is not to be considered as a fine."

Also §546 in the same volume, reads as follows:

"546. **Commitment as Part of Punishment.** Committing a prisoner to jail until a fine is paid is no part of the punishment. The penalty, or the punishment adjudged, is the fine, and the custody adjudged is the mode of executing the sentence, that is, of enforcing the payment of the fine. This is in accordance with the common law."

We are constrained to the view that the Common Pleas Court ▆▆▆▆▆▆▆ ▆ was in error in determining that defendant was entitled to a trial by jury, by reason of the fact that §13451-18 GC, which directs the inclusion of the costs in the judgment.

We now go to the second claimed ground of error.

It seems to be conceded that the evidence in the nature of slips containing writing and other legends, was obtained illegally. It is our understanding that this evidence was essential to the determination of defendant's guilt. The legal question presented is whether or not the evidence so obtained may be introduced in evidence against the objection of the defendant. The courts throughout the United States, including the United States Supreme Court, are in conflict on this question. Under the rule of stare decisis we must follow the decisions of our own Supreme Court, if it has spoken on the question.

In the case of **State v Lindway, 131 Oh St 166,** Judge Zimmerman, rendering the opinion, on page 180 makes the following observation:

"Because of the uncertainty existing in our own decisions (which eliminates the problem of stare decisis), and because of conflicting decisions in the lower courts of this state, it would seem both wise and necessary to lay down a definite rule unqualifiedly aligning ourselves with either the "admissionists" or "exclusionists".

This is the last pronouncement of the Supreme Court and if analogous to the instant case in its facts, must be followed, regardless of logical reasoning to the contrary. While the determination in the Lindway case, supra, was unanimous, only three of the judges concurred with Judge Zimmerman in his opinion, the remaining three concurring in the judgment. Judge Jones wrote an opinion, which in its reasoning is somewhat at variance with that of the majority.

Syllabi 1, 2, 3, 4, 5 and 6 read as follows:

"1. The Fourth and Fifth Amendments to the Constitution of the United States, prohibiting unreasonable searches and seizures and compulsory self-incrimination, are directed exclusively against the activities of the Federal Government and have no application to the various states and their agencies.

2. Assuming that a wife in the absence of her husband may waive his constitutional immunity against search of his dwelling as granted by **Sec. 14,**

Art. I, of the Constitution of Ohio, such waiver cannot be said to have occurred where the testimony as to the wife's assent is conflicting, and there is a probability that any assent given was by reason of the coercive influence of an officer or officers of the law.

3. An officer of the law who makes search and seizure in a dwelling or other premises, without a warrant or with an illegal warrant, in contravention of Sec. 14, Art. I, of the Constitution of Ohio, is a trespasser, and amenable to an action for such trespass.

4. In a criminal case, evidence obtained by an unlawful search is not thereby rendered inadmissible, and, if otherwise competent and pertinent to the main issue, will be received against an accused.

5. An application or motion to suppress or exclude such evidence made before trial or during trial is properly denied. The court need not concern itself with the collateral issue of how the evidence was procured. (Fifth paragraph of the syllabus of Nicholas v City of Cleveland, 125 Oh St 474, and Browning v City of Cleveland, 126 Oh St 285, overruled).

6. The immunities from compulsory self-incrimination and unreasonable searches and seizures given by §§10 and 14, respectively, Art. I, of the Constitution of Ohio, are not violated by the denial of such application or motion, and the admission of such evidence."

Syllabus 4 is very broad in its language and in substance states that evidence obtained by an unlawful search is not thereby rendered inadmissible.

Art. I, Sec. 14, of the Constitution of the State of Ohio, reads as follows:

"In any trial in any Court, the party accused shall * * * have a speedy, public trial by impartial jury of the county in which the offense is alleged to have been committed."

It is to be observed that nowhere in the Constitution is provision made that evidence procured illegally may not be admitted in evidence. However, it is argued that if the procurement is illegal it may not be used for any purpose.

The only distinction of substance between the Lindway case, supra, and the instant case is that in the Lindway case the evidence was obtained through an illegal search of defendant's premises, whereas in the instant case the search was made of defendant's person. Accepting the pronouncement in the Lindway case as good law, which we are bound to do, we are unable to see that the factual difference would make any difference in principle, although counsel for defendant strenuously argues that there is a difference. It will be observed that the search and seizure provisions of the Constitution of Ohio provide in sequence that people are secure in their persons, houses, papers and possessions. Every argument that is advanced against an improper search of any premises would be applicable to the person. In effect this late decision of the Supreme Court denies a guilty defendant to go free merely because through a collateral attack it might be determined that the evidence was procured in an illegal manner. In other words, that a trial court will not permit an inquiry as to how the evidence was obtained, but regardless will admit same if competent. The decision recognizes a right of action in the nature of trespass for an illegal search and seizure, and also in many instances, the right to proceed criminally against the offender.

We recognize that it is doubtful if the opinion of Judge Jones in the reported case would warrant our present determination but we feel obligated to follow the majority rule. We also have in mind that Judge Zimmerman in his opinion made the observation that the majority holding was limited to facts under consideration.

This adds nothing to the law as it already existed. The Supreme Court has repeatedly held that any and all decisions of the Supreme Court must be construed in the lights of the facts under consideration. If the reported case may be distinguished from the in-

stant case on principle, we would readily agree that it had not binding force in the instant case. We repeat what we heretofore intended to say that we find no difference in principle.

It therefore follows that in our judgment the Municipal Court was not in error in admitting in evidence the exhibits found on defendant's person through an illegal search.

The judgment of the Common Pleas Court will be reversed and that of the Municipal Court affirmed.

Costs in this proceeding will be adjudged against the appellee.

The cause will be remanded for further proceedings according to law.

GEIGER, PJ., HORNBECK, J., concur.