CITY OF HILLIARD, APPELLANT, *v.* MILLER, APPELLEE.

[Cite as Hilliard v. Miller (1972), 31 Ohio App. 2d 163.]

(No. 71-356—Decided February 1, 1972.)

*Mr. William W. Taylor*, director of law, for appellant

*Mr. Leo Blum*, for appellee.

TROOP, P. J. Julian Miller was arrested by a police officer of the city of Hilliard for the violation of a city ordinance (Section 135.02, Hilliard Code), which offense carried a possible maximum fine of $50. Counsel for Miller filed a jury demand with the clerk of the mayor's court whereupon, under R. C. 2937.08, the case was certified to the Municipal Court of Franklin County. At the time of pretrial in the municipal court, the city of Hilliard objected to the jurisdiction of the court and later filed a motion to remand the cause to the mayor's court of the city of Hilliard. The motion was overruled and the jury demand of the defendant granted.

This appeal is from the overruling of the motion of the city of Hilliard and the assertion of jurisdiction by the municipal court.

Included in the half-sheet entry of the municipal court, dated September 10, 1971, is the statement: "Case does justify jury trial based upon *State* v. *Smith*, 33 Abs 272, & Sec 2947.23 ORC * * *."

Ohio has been on record as opposed to imprisonment for debt for many years, which is a facet of some of the later cases concerning the assessments for costs in criminal matters. One early case, *The Second National Bank of Sandusky* v. *Becker* (1900), 62 Ohio St. 289, reflects the position of Ohio courts. It is interesting because it covers the contempt finding of a court in a civil matter involving a judgment and costs. It is noted in later decisions.

An Ohio Supreme Court decision in *Symons* v. *Eichelberger* (1924), 110 Ohio St. 224, states, at page 238: "Costs are not at the present time considered as punishment." A court of appeals decision in the case of *City of Toledo* v. *Bader* (1937), 58 Ohio App. 143, is squarely in point. The rule set out in the second paragraph of the syllabus is as follows:

"The costs in a trial do not constitute a part of the

fine so as to make an offense penalized at fifty dollars require a jury trial under Section 13443, General Code."

The decision is exhaustive and cites many cases from other jurisdictions following the rule announced.

Our court, in *Xenia* v. *Smith* (1941), 34 Ohio Law Abs. 620, cited and followed the rule in *Bader*. The second paragraph of the headnotes reads as follows:

"The costs in a trial which by virtue of Section 13451-18 G. C. [R. C. 2947.23] are required in the judgment, do not constitute a part of the fine so as to make an offense penalized at fifty dollars require a jury trial under Section 13443 G. C. [R. C. 2945.17]."

Later decisions of the Supreme Court, concerned primarily with the problem of imprisonment for debt, make significant observations bearing upon the instant problem. Such a decision is found in *Stratlman* v. *Studt* (1969), 20 Ohio St. 2d 95. Two paragraphs of the syllabus are in point:

"6. The duty to pay court costs is a civil obligation arising from an implied contract.

"7. Obligations arising upon implied contracts and judgments thereon are debts, within the purview of Section 15, Article I of the Ohio Constitution, which forbids imprisonment for debt in civil actions."

That decision does not involve the question of a right to a jury trial but emphasizes the "civil" character of costs as does the case it approves and follows—*Second National Bank of Sandusky* v. *Becker, supra.*

Finally, *Cincinnati* v. *DeGolyer* (1971), 25 Ohio St. 2d 101, is noted. The court, at page 104, states: "A tax, like the court costs in a criminal case, is a civil obligation."

As noted *ante,* the municipal court predicated its jurisdiction upon the decision of the Greene County Court of Common Pleas in *State* v. *Smith* (1940), 33 Ohio Law Abs. 272, which did hold that costs were required, by G. C. 13451-18, to be included in a judgment in a criminal matter requiring a jury where the fine and costs exceeded $50.

Our court of appeals, then for the second district, in

the *Xenia case, supra,* approximately one year later overruled the position taken by the common pleas court.

Clearly, under Ohio law this defendant is not entitled to a trial by jury. Notwithstanding, the clerk of the city of Hilliard did regularly certify the case to the Municipal Court of Franklin County. If, at a later date, it sought to question the jurisdiction of the municipal court, it possibly could have done so in an action in prohibition or procedendo.

The motion of the city of Hilliard to remand the cause to its mayor's court was inappropriate and the order overruling the motion was not a final appealable order.

For these reasons this appeal by the city of Hilliard is dismissed and the cause remanded to the municipal court for further proceedings according to law.

*Appeal dismissed.*

STRAUSBAUGH, J., concurs.

WHITESIDE, J., concurs in the judgment of dismissal but feels it is unnecessary to comment upon the issue of the right to a jury trial.