Defendant-appellant, Thomas Dillion, appeals from his convictions in the Madison County Municipal Court for driving under the influence of alcohol ("DUI") and other driving violations. Appellant was convicted of two charges of DUI in violation of R.C. 4511.19(A)(1) and (3), as well as driving violations under R.C. 4507.02(D) (twelve point suspension); R.C. 4507.02(A) (expired operator's license); London City Ordinance 434.02(A) (reckless operation); and London City Ordinance 432.40 (failure to control).We affirm, as modified.
On January 5, 1998, a London city police officer was called to the scene of an accident. Upon arrival, the officer saw a vehicle located off the main road, stuck in the mud and in a ditch. Fresh tracks of mud stretched from the main road to the vehicle in the ditch. The officer observed that the vehicle's engine was running, appellant's niece was sitting behind the steering wheel, and a group of people, including appellant, were trying to push the vehicle out of the mud.
When questioned, appellant's niece, Anna Dillion, told the officer that appellant had been the driver of the vehicle. Anna said that appellant arrived at the house where she was waiting for him, and appellant told her that his car had become stuck in the mud. Appellant asked for her help to move it.
When the officer asked appellant who had driven the vehicle, appellant originally stated that he had not driven it, as he did not have a driver's license. However, after further questioning, appellant admitted that he had driven the vehicle. The officer observed that appellant was having difficulty maintaining his balance, had glassy eyes, slurred speech, and alcohol on his breath. The officer gave appellant field sobriety tests, which included a horizontal gaze nystagmus test, a walk and turn test, and a one-leg stand test. Appellant failed each of these tests.
Based upon his observations of appellant, as well as appellant's poor performance on the field tests and admitted operation of the vehicle, the officer placed appellant under arrest for operating a vehicle while under the influence of alcohol. After taking appellant back to the police station, the officer administered a breath-alcohol test that indicated a reading of .241 grams of alcohol per two hundred ten liters of breath. Appellant was charged with six driving violations.
Appellant filed a motion to suppress which was denied by the municipal court. After entering a plea of no contest to each charge, appellant was found guilty of all six offenses, including violations of R.C. 4511.19(A) (1) and 4511.19(A) (3), by the municipal court. Appellant filed a timely appeal and raises three assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN OVERRULING THE MOTION TO SUPPRESS IN THAT THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT THE DEFENDANT WAS OPERATING A MOTOR VEHICLE.
In his first assignment of error, it is unclear whether appellant asserts that there was not sufficient evidence to sustain his convictions or that his motion to suppress was improperly denied. We will address both issues.
Crim.R. 11(B)(2) states that "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." The Supreme Court of Ohio has held that R.C.2937.07 confers a substantive right upon a defendant so that a no contest plea must be followed by an explanation of the circumstances of the committed offense before a defendant may be found guilty. Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148,150. See, also, Mason v. Hurchanik (Mar. 16, 1998), Warren App. No. CA97-05-050, unreported. An explanation of circumstances must include sufficient information as to all of the elements of the crime. Bowers at 150; State v. Gilbo
(1994), 96 Ohio App.3d 332, 337. If the explanation of circumstances does not contain all the elements of the offense, then a defendant who pleads no contest has a substantive right to be acquitted. Bowers at 150, citing Springdale v. Hubbard
(1977), 52 Ohio App.2d 255, 259-60.
After careful review of the record, we find that the prosecution's explanation of circumstances contained all elements of the crimes charged so that appellant's convictions may stand. The prosecutor's statement indicated that appellant was operating a motor vehicle, and, while attempting a turn, slid off the main roadway and became stuck in the mud. Appellant's license had expired on December 14, 1986. Appellant had consumed a fair amount of alcohol, which was demonstrated by his failure of field sobriety tests and his breath test result. Therefore, appellant's contention that the statement of circumstances did not sufficiently contain all elements of the offenses charged is without merit.
Appellant also appears to argue that the officer's investigation and detention of appellant was improper because the officer lacked reasonable suspicion that appellant had committed a crime. Appellant insists that the officer did not observe appellant operate the vehicle and appellant never admitted driving the vehicle. Appellant also claims that because the vehicle was stuck in the mud, there could have been no reasonable suspicion that it was operable. Based upon these arguments, appellant asserts his motion to suppress should have been granted.
When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them.State v. Williams (1993), 86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v.Anderson (1995), 100 Ohio App.3d 688, 691.
When a police officer conducts an investigative detention of an individual based upon a suspicion that the individual has engaged in criminal activity, an investigatory stop occurs. For such a stop to be constitutional, the officer must be able to give articulable facts that served as the basis for his reasonable suspicion of criminal behavior. Terry v. Ohio
(1968), 392 U.S. 1, 21, 88 S.Ct. 1868; State v. Andrews (1991),57 Ohio St.3d 86, 87.
We find that there was sufficient evidence presented to show that the investigating officer had reasonable suspicion that appellant had operated a motor vehicle under the influence of alcohol. The officer testified at the motion to suppress hearing that, although appellant originally denied that he had driven the vehicle, appellant eventually admitted that he had driven the vehicle. Appellant's niece also testified that appellant had driven the vehicle. The officer noted that appellant had alcohol on his breath, glassy eyes, unclear speech, and was finding it difficult to maintain his balance. The municipal court judge found the testimony of the officer and appellant's niece to be credible and we, the reviewing court, defer to this judgment of credibility.
Appellant claims that because the vehicle was stuck in the mud, it was inoperable. In State v. Howard (Oct. 12, 1998), Warren App. No. CA97-07-070 unreported, this court held that a defendant may raise operability as a defense to a case under R.C. 4511.19. We explained that it is defendant's burden to prove inoperability and that "the inference that the driver operated the vehicle to its place of inoperability should always be given proper weight unless overcome by sufficient evidence to the contrary." Id. at 15.
In this case, the officer testified that appellant had stated that he had driven the car to the vicinity of his niece's house. This story was corroborated by appellant's niece. The trial court found credible evidence that appellant had driven the car before it became stuck in the mud. The fact that the car may have become inoperable at some point does not negate the fact that the car was operable when appellant drove it under the influence of alcohol.
The trial court determined that the officer's observations gave him reasonable and articulable suspicion to believe that appellant had committed an illegal act, and therefore the investigation of appellant was appropriate. We find that the trial court's denial of the motion to suppress was supported by competent, credible evidence. Therefore, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN OVERRULING HIS MOTION TO SUPPRESS EVIDENCE AS TO THE RESULTS OF THE BREATH TEST NOT TAKEN WITHIN TWO HOURS OF ACCIDENT. [SIC]
In his second assignment of error, appellant argues that because his breathalyzer test was not administered within two hours of the time of the accident, it should have been suppressed.
A breathalyzer test may only be admitted into evidence for a R.C. 4511.19(A)(3) case or any municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine if it is administered within two hours of the alleged offense. Newark v. Lucas (1988), 40 Ohio St.3d 100,104. However, in a criminal prosecution for violation of R.C. 4511.19(A)(1), or of a similar municipal ordinance relating to operating a motor vehicle under the influence of alcohol, a test conducted more than two hours from the time of the alleged violation presented by expert testimony may be admitted into evidence. Id. at 105. Therefore, this second assignment of error is not applicable to five of appellant's six convictions, as these charges did not contain a specific prohibited alcohol concentration. In regard to his conviction under R.C. 4511.19(A)(3), however, the two-hour time limit is an important issue to review.
The trial court found that the test was administered within the statutory time limit. Although there was conflicting evidence on this point at the motion to suppress hearing, there was testimony that supported the prosecution's contention that the breathalyzer test was taken within two hours of the accident. Excerpts from Anna Dillion's testimony indicate that thirty minutes passed from the time she called to ask her uncle for a ride to the time that he arrived at her front door. Anna said that the police arrived ten minutes thereafter. The officer stated that he arrived at the accident scene at 8:49 p.m. and gave appellant the breathalyzer test at 10:05 p.m. Adding these periods of time together, it appears that from the time appellant assured his niece that he would pick her up to the time the test was administered, one hour and fifty-six minutes passed, which is within the two hour time limit. We defer to the trial court's factual finding as it is supported by competent, credible evidence. Therefore, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN OVERRULING HIS MOTION TO SUPPRESS EVIDENCE AS TO THE RESULTS OF THE BREATH TEST FOR FAILURE TO ENSURE NO INTAKE WITHIN TWENTY MINUTES OF THE TEST.
In his third assignment of error, appellant claims that the officer failed to make sure that there was no oral intake of any material within twenty minutes before the breathalyzer test and that the test results should be suppressed accordingly. Appellant asserts that he smoked cigarettes during the twenty minutes before the test, thereby invalidating the test results.
Ohio Adm. Code 2701-53-02 mandates a twenty-minute observation period before the administration of a breathalyzer test. During this observation period, the testing officer must ensure that the subject refrains from the oral intake of any material.State v. Trill (1991), 66 Ohio App.3d 622, 625.
At the motion to suppress hearing, the officer attested that he had complied with Ohio Department of Health Regulations when administering the breathalyzer test. The officer testified to observing appellant for more than twenty minutes (estimating close to thirty minutes) before conducting the breathalyzer test. The officer stated that although appellant did smoke some cigarettes at the accident scene, appellant did not put anything in his mouth during the twenty minutes immediately preceding the test. The trial court evidently found this testimony to be credible, and we accept this finding. Therefore, appellant's third assignment of error is also overruled.
Finally, we address the propriety of the trial court's adjudications of guilt under both R.C. 4511.19(A) (1) and 4511.19(A) (3). R.C. 4511.19(A)(1) and 4511.119(A)(3) create separate offenses. However, these two DUI violations are allied offenses of similar import under R.C. 2941.25(A). This statute reads:
 Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
Conviction is not synonymous with adjudication of guilt. The term "conviction" includes sentencing. See State v. Henderson
(1979), 58 Ohio St.2d 171; State v. Ransom (July 10, 1980), Franklin App. No. 79AP-755, unreported. Crim.R. 32(C) states that "a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Therefore, conviction contains three stages: making a plea, adjudicating guilt, and sentencing. A defendant charged and adjudicated guilty of both R.C. 4511.19(A)(1) and 4511.19(A)(3) on the same facts may be sentenced only under one. Ohio v. Mendieta (1984), 20 Ohio App.3d 18,20.
In this case, the trial court's adjudication of appellant's guilt under both DUI violations was appropriate. However, the trial court also assigned costs under both offenses. Costs are considered part of a sentence. See State v. Smith (C.P. 1940), 19 O.O. 454. Therefore, the trial court's assessment of costs on both counts was prohibited under R.C. 2941.25(A). Accordingly, we vacate the trial court's order of costs under the R.C. 4511.19(A)-(3) charge.
Judgment affirmed as modified.
YOUNG, P.J., and WALSH, J., concur.