OPINION
Matthew Walters was found guilty after a bench trial of speeding. (77 mph in 55 mph zone.) The court imposed a $100 fine and a 90 day license suspension. The court indicated it would grant Walters work related driving privileges upon his completion of a defensive driving program. On appeal, Walters advances five questions:
 I. WHETHER THE FAIRBORN MUNICIPAL COURT ERRED IN DENYING THE DEFENDANT'S RIGHT TO A TRIAL BY JURY.
 II. WHETHER THE FAIRBORN MUNICIPAL COURT ERRED IN DENYING THE DEFENDANT'S RIGHT TO A PUBLIC TRIAL.
 III. WHETHER THE FAIRBORN MUNICIPAL COURT ERRED IN DENYING THE DEFENDANT'S RIGHT TO A TRIAL SPEEDY TRIAL.
 IV. WHETHER A TRIAL OBJECTION IS NECESSARY FOR SUCH OBVIOUS VIOLATIONS OF CONSTITUTIONAL RIGHTS.
 V. WHETHER MR. WALTERS' WAS SENTENCED UNFAIRLY FOR INVOKING HIS CONSTITUTIONAL RIGHTS.
Walters was charged with a minor misdemeanor for which the maximum penalty is a $100 fine. R.C. 2929.21(D). The right to trial by jury does not extend to charged offenses where the maximum penalty does not exceed $100. R.C. 2945.17. R.C. 2945.17
does not offend the Sixth Amendment guarantee of trial by jury as authoritatively interpreted by the Supreme Court. Duncan v.Louisiana (1968), 391 U.S. 145; Baldwin v. New York (1970),399 U.S. 66. Court costs are not part of the penalty for purposes of considering whether the maximum penalty exceeds $100. Hilliard v.Miller (1972), 31 Ohio App.2d 163. Walters was not entitled to a jury trial.
Walters was issued a summons July 26, 1998, and was entitled to be tried within 30 days of that date. R.C. 2945.71(A). The record contains Walters' written waiver on August 4, 1998, of the 30 day statutory time limit. The record further reflects that trial was initially scheduled on August 19, then on August 24, and finally on September 28, 1998, on which date the trial took place. The record does not reflect the reason for the continuances, and the time waiver executed by Walters August 4, which the record does not demonstrate was ever rescinded, is dispositive of Walters' claim that his right to a speedy trial was violated. Furthermore, Walters failed to move for dismissal at or prior to the commencement of trial as required by R.C. 2945.73(B) and this waived any speedy trial violation. State v. Singer (1977),50 Ohio St.2d 103. Even had there been no time waiver, and Walters had made a timely motion to dismiss, and crediting Walters' explanation of the continuances, we would find no speedy trial violation. The continuance from August 19 to August 24 was due to docket congestion on August 19. August 24 was still within the 30 day limit but Walters was unavailable that day. Thus, the continuance to September 28 was to accommodate Walters. See R.C.2945.72(H).
Walters' complaint that he was denied a public trial is based on his contention that one Kurt Davidson was present to observe the proceedings August 19 "as a member of the public" but was not available to do so September 28. Assuming the truth of this representation, it simply fails to establish that Walters was denied a public trial. Walters also complains that the continuances "denied him access to a key witness", one Chris Frieler, who he claims accompanied him to court August 19. The record reflects no effort to secure the presence of Frieler by subpoena for the September 28 trial or any mention to the court at trial of the importance of Frieler to the defense. Walters has thus waived for appellate purposes any complaint about the absence of Frieler from the September 28 trial.
Walters claims that the trial court punished him for going to trial. The trial court observed that the particular offense "relate(d) to reckless operation" and the trial testimony supports that observation. Walters conceded that he had a reckless operation violation, two speeding violations, and one improper passing violation within the two years preceding this violation, and that he had received a 45 day license suspension during that period. The disposition in this case was legitimate punishment for the speeding offense, taking into account Walter's recent and frequent disregard of the traffic law. We have no reason to conclude that Walters was punished for going to trial.
The judgment will be affirmed.
FAIN, J., and BROGAN, J., concur.
Copies mailed to:
Michael A. Mayer
Matthew A. Walters
Hon. John W. Wurts