## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### COURTNEY V. BEALE.

APRIL 5th, 1888.

Absent, Richardson, J.

1. PUBLIC OFFICERS—*Judgments—Defalcation—Evidence.*—Judgment against public officer on his official bond, is not even *prima facie* evidence of a "defalcation."

2. IDEM.—*Bankruptcy—Discharge.*—His liability for failing to collect claims in his hands, is not a "defalcation" within section 33, bankrupt act of 1867, and is dischargeable by his discharge even after merger into judgment. *Boynton* v. *Ball,* 121 U. S., 457.

Appeal from decree of circuit court of Westmoreland county, rendered April 13th, 1886, in a cause wherein Robert Beale (the appellee), was complainant, and James R. Courtney (the appellant), was defendant. Opinion states the case.

*R. M. Mayo,* for the appellant.

*Critcher & Critcher,* for the appellee.

LEWIS, P., delivered the opinion of the court.

In 1860 the appellant placed in the hands of the appellee, a constable of Westmoreland county, for collection, certain tax tickets amounting in the aggregate to $551 85. The appellant had been sheriff of the said county, and it appears that the

tickets turned over by him to the appellee had been in his hands more than two years; so that when they went into the appellee's hands, the time within which they could be collected by distress had expired. Whether any attempt to collect them was made by the appellant before turning them over to the appellee, does not appear. He claims, however, to have paid the taxes into the State treasury as sheriff; whereupon the claims turned over to the appellee became his individual property.

In 1873, the appellant recovered a judgment in the circuit court of Westmoreland county on the official bond of the appellee for $551 85, subject to certain credits, mentioned in the judgment, on account of the said claims. At the same time there was an agreement between the parties, which was entered of record, to the effect that the appellee should be further credited by any sum which he could satisfactorily show he had paid on account of the claims, and for which he had not received credit, and also by any amount which ought to be credited because of the insolvency of any of the parties against whom the claims were.

In 1876 the appellee duly obtained a certificate of discharge in bankruptcy from the district court of the United States for the eastern district of Virginia, pursuant to the act of congress, approved March 2, 1867; after which, an execution of *fi. fa.* on the judgment above mentioned was sued out by the appellant, which went into the hands of the sheriff of Westmoreland county to be levied. The appellee thereupon filed his bill for an injunction to restrain the levy of the execution, relying, among other things, upon his discharge in bankruptcy. Upon the filing of the bill, an injunction was awarded, which was subsequently perpetuated by the decree complained of; and the single question here is as to the effect of the discharge in bankruptcy.

The thirty-third section of the bankrupt act enacts as follows: "That no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while

acting in any fiduciary character, shall be discharged under this act; but the debt may be proved, and the dividend thereon shall be a payment on account of said debt." And by the section immediately following, it is further enacted, "that a discharge duly granted under this act shall, with the exceptions aforesaid, release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against his estate in bankruptcy, and may be pleaded *   * as a full and complete bar to all suits brought on any such debts," etc. R. S. (U. S.), §§ 5117, 5119.

From these provisions of the statute, it is clear that if the liability of the appellee, upon which the judgment enjoined was recovered, grew out of his *defalcation* as a public officer, his discharge in bankruptcy is no bar to proceedings to enforce the judgment, and the decree appealed from is erroneous. On the other hand, if there has been no such defalcation, then the decree is right, and must be affirmed.

The appellant contends that a judgment against a public officer on his official bond, is conclusive evidence of a defalcation. But so far from this position being correct, the judgment is not even *prima facie* evidence of such a fact. The character of the liability is not changed by merger into a judgment, and hence if the original liability of the appellee in the present case was dischargeable in bankruptcy, it became none the less so by the rendition of the judgment. The recent case of *Boynton* v. *Ball*, 121 U. S., 457, is a conclusive authority upon this point.

To constitute a defalcation, there must have been *mala fides*. In its common acceptation, the term denotes an abstraction or embezzlement of money. Abbott defines it to be "the failure of one who *has received money* in trust or in a fiduciary capacity to account and pay over as he ought," and it particularly applies, he says, to the acts of public and corporate officers. In this sense the term is used in the bankrupt act, so that the liability of a public officer created by his negligence merely—

as for example, in failing to use due diligence in collecting money—is not a defalcation within the meaning of the act, and is barred by a discharge in bankruptcy.

This view is decisive of the case, for the evidence not only fails to show that the appellee has collected a penny for the appellant for which he has not accounted, but it does not show that he collected less on account of the claims which were placed in his hands, than by the use of reasonable diligence might have been collected. The claims were for some time in the hands of the appellant himself, who, as sheriff, had the authority to distrain for them, and the presumption under these circumstances, is that the debtors were at least of doubtful solvency when the claims were placed in the hands of the appellee. The evidence tends to show that many of them were insolvent. But be that as it may, it is clear that any liability on the part of the appellee to the appellant is barred by the discharge in bankruptcy, and that the decree must be affirmed.

DECREE AFFIRMED.