JAMES K. OLDS, Appellee, v. ELIZABETH P. FORRESTER and A. D. FORRESTER, Appellants.

**Judgment for costs:** DISCHARGE IN BANKRUPTCY. A judgment for costs in a criminal case is not a debt "due for taxes" within the exception of the bankruptcy law of 1898 and is satisfied by the discharge of the judgment debtor in bankruptcy.

**Same.** A judgment for costs in a criminal case is not a debt based on fraud so as to prevent its release by discharge of the debtor in bankruptcy.

**Same.** The costs in a criminal prosecution are not part of the fine imposed as a punishment for the offense, and a release of the costs by discharge in bankruptcy is not contrary to public policy because interfering with the administration of the criminal law.

*Appeal from Dallas District Court.*— HON. EDMUND NICHOLS, Judge.

TUESDAY, FEBRUARY 7, 1905.

THE opinion states the case.—*Affirmed.*

*J. M. Goodson* and *D. H. Miller,* for appellants.

*White & Clark* and *H. A. Hoyt,* for appellee.

WEAVER, J.— Plaintiff and defendants entered into a written contract by the terms of which plaintiff agreed to sell and the defendants to purchase certain real estate held in the name of the former. Defendants thereafter refused to accept the conveyance or to pay the agreed purchase price, and plaintiff instituted this proceeding to enforce specific performance of the contract. The district court granted the relief prayed for, and the defendants appeal. Specific performance is resisted because of an alleged outstanding judg-

ment lien on the property which is the subject of the contract. Whether such lien exists is the question presented. It appears that on April 27, 1896, in the district court of Dallas county, the plaintiff in this proceeding was convicted of the crime of forgery, and judgment was entered that he be committed to the penitentiary for a specified term and pay the costs of prosecution taxed at about $800. Thereafter said plaintiff was duly adjudged a bankrupt, and on March 20, 1900, obtained a discharge from all debts and claims provable in such proceedings. Did such discharge relieve the plaintiff from the indebtedness represented by the aforesaid judgment for costs? This proposition is affirmed by the appellee and denied by the appellants.

The appellants' contention that the lien still exists is sought to be sustained upon three several grounds as follows:

I.    It is first argued that the judgment is a debt due to the State of Iowa, and as such is expressly excepted from the effect of the bankrupt's discharge.    The provision of the

1. JUDGMENT FOR COSTS: discharge in bankruptcy. bankruptcy act of 1898 on which this contention is based is as follows: "Sec. 17. A discharge in bankruptcy shall release a bankrupt from all his provable debts except such as (1) are due as taxes levied by the United States, the State, county, district or municipality in which he resides," etc. Bankruptcy Act July 1, 1898, chapter 541, 30 Stat. 550 [U. S. Comp. St. 1901, page 3428]. It needs but a reading of this language to demonstrate that it is not open to the construction sought to be placed upon it. The debt represented by the judgment against the appellee is in no proper sense of the word "due as taxes," and therefore does not come within the express terms of the statute. Neither is there any room for including it by implication. Were there no reference in the statute to claims due to the United States or to the State, we might, perhaps, be at liberty to assume that the discharge of the bankrupt was not intended to affect his liability for the payment of such debts. But the statute is not silent in

this respect. It does expressly withhold from its operation all debts due to the sovereign " as taxes," and under the familiar rule *expressio unius exclusio alterius* it must be held that as to other matters of civil liability for the payment of money the State has no advantage or preference over the individual citizen in the enforcement of its claims against one who has been discharged as a bankrupt. This holding is in clear accord with *United States v. Herron,* 20 Wall. 251 (22 L. Ed. 275), cited by the appellants. It was there held that " a discharge will not release the debtor from a debt due the sovereign unless the sovereign is expressly named in the clauses relating to the discharge of debts." The present statute was enacted since that decision was rendered, and as " the sovereign is there expressly named " and the debts reserved from the operation of the law are there expressly enumerated we must assume that all other debts are provable in the bankruptcy proceedings.

II. It is next said that the judgment represents a debt based upon the fraud of the appellee, and is therefore not released by the discharge in bankruptcy. The point is not well taken. The amount of the judgment is made up of items of fees due to the officers of the court and to witnesses used upon the trial of the criminal case against the appellee. It would require a palpable distortion of the meaning of words to hold that these incidental expenses of a judicial proceeding are debts originating in the fraud of the appellee. The crime for which he was being tried may have involved the element of fraud, but the taint of such fraud is not transmitted to the costs which were regularly and properly made by the State and by the accused in the course of the trial. If the case before us involved consideration of a judgment for damages recovered by the person injured by the appellee's fraud, we should have a very different question to consider.

2. SAME.

III. It is finally insisted that to make the discharge effectual against the judgment is to interfere with the due

course of justice in criminal proceedings, and is therefore against good morals and public policy. If it

3. SAME.

were true that to uphold the claim of the appellee is to enable the bankruptcy court to cancel and set aside penalties which the courts have adjudged against persons found guilty of crime, the objection raised by the appellants would have much force. If the appellee had been convicted of some offense punishable by fine, and adjudged to pay a fine of $800, it would be an intolerable condition if he could immediately be discharged from such liability by a proceeding in bankruptcy. See *Moore's Case* (D. C.), 111 Fed. Rep. 145. But a fine is not, strictly speaking, a debt due from the person against whom it is assessed. The judgment is not entered against him because he owes the State so much money. His obligation to pay is not a debt obligation. He is adjudged to pay a certain sum of money as a punishment for a public offense, and his obligation to suffer that punishment cannot be discharged except by performance, or by the interposition of executive clemency. But the same is not true as to costs accruing in the prosecution which results in the fine. They are no part of the penalty. They are not assessed against the accused as a punishment, but rather in pursuance of the general policy by which the losing party in judicial proceedings is required to pay all taxable costs. This we have expressly held to be the law. *Albertson v. Kriechbaum*, 65 Iowa, 17. While in form the judgment for costs is in favor of the State, its interest is nominal only, the real parties in interest being the officers and witnesses to whom the fees are due. That the obligation of such judgment is civil, and not penal, is further recognized in our former holdings that the general power vested in the Governor of the State to pardon public offenses and to remit fines and forfeitures does not extend to the remission of costs accruing in the prosecution of crimes and misdemeanors. *State v. Beebee*, 87 Iowa, 639; *Estep v. Lacy*, 35 Iowa, 419.

For these several reasons stated we are satisfied with the conclusion reached by the trial court, and the decree appealed from is therefore *affirmed.*