MYRON A. KIMBALL, administrator, *vs.* GEORGE A. FULLER COMPANY.

Suffolk. November 18, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence*, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof.

The mere facts, appearing at the trial of an action under G. L. c. 229, § 5, by the administrator of the estate of one whose life was lost without conscious suffering when, as an employee of a subcontractor, he was at work on a building being constructed by the defendant as general contractor, that the death occurred when the plaintiff's intestate, who was at work on the sixth floor of the building, was "struck on the head by a piece of plank about two inches thick, six inches wide and four feet long, which was supposed to have fallen from the twelfth story where other workmen were employed, not in the employ of the deceased's employers," will not warrant an inference that negligence of the defendant or of his servants or agents caused the death.

TORT by the administrator of the estate of George N. Musgrove for causing his death without conscious suffering. Writ dated October 23, 1923.

In the Superior Court, the action was tried before *Weed*, J., who reported the action for determination by this court upon an agreed statement of facts without making a decision thereon. Material facts thus agreed upon were that "the plaintiff's intestate was working on the sixth floor of the Commerce Building at Beacon and Somerset streets, Boston, and was struck on the head by a piece of plank about two inches thick, six inches wide and four feet long, which was supposed to have fallen from the twelfth story where other workmen were employed, not in the employ of the deceased's employers. He was rendered unconscious and died without regaining consciousness, so that there was no conscious suffering. On these facts the court might find plaintiff's intestate was in the exercise of due care.

"The deceased was an electrician and was in the employ of The Lord Electrical Company, one of several subcon-

tractors, under contract with the George A. Fuller Company who were the general contractors for the erection of the building. . . . George A. Fuller Company and The Lord Electrical Company were both insured under the workmen's compensation act and notices to this effect were properly posted on the building. The plaintiff's intestate never reserved his common law rights under the terms of the act, either as against The Lord Electrical Company or as against the defendant. He had no dependent relatives."

*E. G. Loomis,* for the plaintiff.

*K. C. Parker,* for the defendant.

BRALEY, J. The plaintiff's intestate, an electrician and employee of a "subscriber," while at work on the sixth floor of a building which was being constructed by the defendant, the general contractor, was struck on the head by a piece of plank supposed to have fallen from the twelfth story where other men "not in the employ of the deceased's employers," were at work. The injury having caused his death without conscious suffering, this action is brought under G. L. c. 229, § 5, which in so far as material reads as follows: " . . . a person who by his negligence, or by the negligence of his agents or servants while engaged in his business, causes the death of a person in the exercise of due care, who is not in his employment or service, shall be liable in damages in the sum of not less than five hundred nor more than ten thousand dollars, to be assessed with reference to the degree of his culpability or of that of his agents or servants, to be recovered in an action of tort, commenced within two years after the injury which caused the death by the executor or administrator of the deceased, to be distributed as provided in section one."

While the due care of the intestate is not questioned, the plaintiff cannot recover unless, on the agreed facts and inferences of fact to be drawn therefrom, the parties not having stipulated to the contrary, there is evidence of the defendant's negligence. G. L. c. 231, § 126. *Boston Lodge Order of Elks* v. *Boston,* 217 Mass. 176. *Fairbanks* v. *Kemp,* 226 Mass. 75. See *Nugent* v. *Consolidated Gas Co.* 238 Mass. 221, 231, 232.

It is contended by the plaintiff that the unexplained falling of the piece of plank supplies the necessary proof. But the building was in process of construction, and the falling of a fragment of material from an upper floor was not an event of such an unusual character that of itself it furnished evidence of the defendant's negligence. *Pinney* v. *Hall*, 156 Mass. 225. *Hofnauer* v. *R. H. White Co.* 186 Mass. 47. *Williams* v. *Holbrook*, 216 Mass. 239, 242. The entry must be,

*Judgment for the defendant.*