**In re HERBST.**

District Court, S. D. New York.
Sept. 7, 1937.

was entered allowing him the sum of $5,-674.54 as further compensation. He withdrew this sum from the funds in his charge. The date of such withdrawal does not appear; it may be assumed, in favor of the bankrupt, that the date was after entry of the order and prior to notice of appeal. Central Hanover Bank & Trust Company, the plaintiff in the foreclosure action, appealed from the order awarding this compensation, and on appeal the order below was modified by the Appellate Division so as to disallow the award of $5,674.54. The bankrupt did not repay the amount taken, except to the extent of $543.28. There is no reason to doubt his statement that he did not have the necessary money. Central Hanover Bank & Trust Company took judgment against him for the deficit. He later filed a petition in bankruptcy and obtained an ex parte order staying proceedings to collect the judgment. The present motion to vacate the stay raises only one question, whether the debt owed by the bankrupt was one dischargeable in bankruptcy.

By the Bankruptcy Act, § 17, as amended, 11 U.S.C.A. § 35, a discharge releases the bankrupt from all debts, except, among others, those "created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." The bankrupt, a court receiver, was an "officer"; he was also a person in a "fiduciary capacity." And it is plain that his failure to turn over the trust fund intact was a "defalcation." As used in this statute, "defalcation" means the failure of one who has received moneys in trust to pay it over as he ought. It is a broader word than fraud, embezzlement, or misappropriation, and covers 'cases where there was no fraud, embezzlement, or willful misappropriation on the part of the bankrupt. Judge Andrews so held in Syracuse v. Roscoe, 66 Misc. 317, 123 N.Y.S. 403, where the bankrupt, a city treasurer, was short in his funds because of the default of a subordinate; his discharge in bankruptcy was held no defense to the city's claim against him for the shortage. There are other cases to the same effect, National Surety Co. v. Wittich, 185 Minn. 321, 240 N.W. 888, England Loan Co. v. Campbell, 183 Ark. 49, 35 S.W.2d 75, 1006, and see In re Harper, 133 F. 970, 973, D.C.Va.; and there seem to be no cases to the contrary. The bankrupt calls attention to a dictum in Re Bernard, 2 Cir., 87 F.2d 705, 707, where it is said that the "misappropria-

Jones, Clark & Higson, of New York City, for creditor.

Henry H. Salzberg, of New York City, for bankrupt.

PATTERSON, District Judge.

The motion is by a creditor to vacate an ex parte order staying it from further proceedings against the bankrupt.

The bankrupt was receiver of rents in a foreclosure action in the New York Supreme Court. From time to time he had been awarded compensation as receiver, his compensation down to August, 1934, totaling $42,000. On August 25, 1934, an order

tion" referred to in section 17 is restricted to a willful misappropriation by the rule of "ejusdem generis." But this dictum is not a decision that "defalcation" is confined to an intentional defalcation.

■ In this case there was no fraud or embezzlement. The bankrupt took the money under a court order awarding it to him as compensation. But the order was later reversed, and there was a deficit in the receivership funds that the bankrupt failed to make good. When he took the money he knew that he did so on the chance that if the order were reversed on appeal he would have to restore the money or suffer a shortage in his funds. The debt so created arose from a defalcation by the bankrupt while acting as an officer and in a fiduciary capacity, and it is not dischargeable in bankruptcy.

The motion to vacate the stay of proceedings will be granted.