DORA M. GOLTZ, administratrix, vs. JULIAN C. BESARICK.

Suffolk.    November 6, 1942. — January 7, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Causing death.    *Practice, Civil*, Charge to jury.

The provision of G. L. (Ter. Ed.) c. 229, § 5, for the assessment of damages in an action for death "with reference to the degree of . . . culpability" does not require proof of more than ordinary negligence to establish liability.

Upon exceptions by the plaintiff after verdicts for the defendant upon both counts of a declaration containing a first count for causing death and a second for conscious suffering, where the evidence was conflicting on the issue of causal connection between alleged negligence of the defendant and the death and where the jury, following a charge which was not included in the record, returned for further instructions in answer to the question, "If we find for the defendant on count one can we find for the plaintiff on count two?" no reversible error appeared in the judge's answer, "The answer to your question is no; you find for the defendant on count one, you find there was no negligence or culpability, it necessarily follows you will find for the defendant on count two."

TORT.    Writ in the Municipal Court of the City of Boston dated November 16, 1939.

On removal to the Superior Court the case was tried before *Walsh*, J.

*A. C. Rome*, (*L. P. Doherty* with him,) for the plaintiff.

*G. Sullivan & A. M. Donahue*, for the defendant, submitted a brief.

Cox, J.    There was evidence that the plaintiff's intestate, a pedestrian on a public way, was struck on August 6, 1939, by an automobile owned and operated by the defendant.    The intestate died on August 8, 1939.    The declaration contains two counts, the first being to recover damages for the death under G. L. (Ter. Ed.) c. 229, § 5, as amended by St. 1937, c. 406, § 3 (see St. 1941, c. 504, § 3), and the second count being to recover damages for conscious suffering, of which there was evidence.    There was testimony from physicians who attended the deceased that trauma

was an adequate cause for the injuries found, and that the injuries were sufficient to cause death. Another physician, called by the plaintiff, testified that the injuries sustained only contributed to the death, and that the primary cause was the "stoppage" of the heart.

The case was submitted to the jury, and it does not appear from the report that any question was raised but that the evidence presented questions for the jury as to the intestate's due care and the defendant's negligence. After the jury had retired for deliberation, they returned for further instructions, which were given in the absence of plaintiff's counsel. See Rule 72 of the Superior Court (1932). The plaintiff seasonably claimed an exception to the further instructions, and after a verdict was returned for the defendant on each count, she filed a motion for new trial, which was denied, subject to her exception.

The instructions excepted to were as follows: "The Court: I have the following question: 'If we find for the defendant on count one can we find for the plaintiff on count two?' The answer to your question is no; you find for the defendant on count one, you find there was no negligence or culpability, it necessarily follows you will find for the defendant on count two."

Both counts were properly joined in the declaration. G. L. (Ter. Ed.) c. 229, § 6. (See St. 1939, c. 451, § 62.) In effect, two causes of action were joined in one, that is, one under the statute and the other at common law. *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 69, and cases cited. The basis, however, of each action is negligence, there being no allegation in the first count of wilful, wanton or reckless conduct on the part of the defendant. The due care of the deceased is an issue under each count, although it is not involved on this record. The plaintiff, in order to recover on either or both counts, had the burden of showing ordinary negligence. *Sughrue* v. *Booth,* 231 Mass. 538, 539. *Kimball* v. *George A. Fuller Co.* 258 Mass. 232, 233. Apart, however, from the questions of ordinary negligence and due care, the plaintiff, on the death count, in order to recover, was required to show that the negli-

gence in the case caused the death. On the question of assessing damages, there is a further distinction between the two counts, inasmuch as on the first count for death damages are assessed with reference to the degree of the defendant's culpability. This distinction, however, does not enter into the case until the question of ordinary negligence, which is the same thing under each count, has been determined. In the development of the statutory right to recover damages for death, it has been required that the damages recoverable be assessed with reference to the degree of culpability of the person liable, or his servants or agents. *Boott Mills* v. *Boston & Maine Railroad*, 218 Mass. 582, 586. See G. L. (Ter. Ed.) c. 229, §§ 1, 2, 3, 4, 5, 7, 9, as amended. It is not open to contention that this statutory provision as to the assessment of damages, based as it is upon the degree of culpability, establishes any difference in degree between the negligence that must be shown before the question of damages can be considered under either count.

A causal connection must be shown between the negligence established and the death that ensued if the plaintiff is to recover on the first count. It is unnecessary to determine whether the medical testimony in the case at bar required a finding that this causal connection, assuming that negligence was shown, was established (see *Wallace* v. *Ludwig*, 292 Mass. 251, 253; *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205, 206–208), for the reason that a majority of the court are of opinion that there was no reversible error.

The judge's charge is not reported. See *Mabardy* v. *McHugh*, 202 Mass. 148, 153. It must be assumed, however, that he instructed the jury fully as to the issues involved, and especially that he must have pointed out to the jury that unless negligence of the defendant caused the intestate's death, there could be no recovery on the first count. They must have been told that negligence must be shown as to each count, and that what was negligence under the first count, would be negligence that would entitle the plaintiff to recover under the second, or vice versa. They must have been told that under the first count there were at least four possible questions to be de-

termined: the negligence of the defendant; whether the defendant had sustained the burden of showing that the deceased was guilty of contributory negligence; whether negligence as established caused the deceased's death; and finally, if they came to the question, the amount of damages. They must have been told also that the first, second and fourth issues were involved under the second count. If it be assumed that they concluded that causal connection between the negligence shown and the death was not made out, it was their clear duty to return a verdict for the defendant on the first count.

We assume that the question that was quoted by the judge in his additional instructions was in writing, and it is true that this question did not indicate upon what ground the jury might find for the defendant on the first count. Their question imports that they wished to know whether they could find for the plaintiff on the second count if they found for the defendant on the first. For reasons already stated, it is apparent that if the answer to this question had been "no," and nothing more, there would have been error. But this was not the answer. It is apparent from what the judge said that his instruction was that if the jury found that there was no negligence or culpability, as a necessary result of which the jury should find for the defendant on the first count, it necessarily would follow that they must find for the defendant on the second count. It has been said repeatedly that the question whether there has been error in the judge's charge to the jury must be determined by a consideration of the charge as a whole. As was said in *Adams* v. *Nantucket*, 11 Allen, 203, at page 205: "We cannot presume that the jury did not understand or failed to apply all parts of the judge's charge to the facts found by them. One part of the instructions given to a jury on any point is to be taken and construed in connection with other parts; and if the instructions as a whole are not erroneous a party cannot succeed in his exceptions thereto, although a single passage taken abstractly may be erroneous." *Draper* v. *Cotting*, 231 Mass. 51, 63. *Ouillette* v. *Sheerin*, 297 Mass. 536, 542.

There is another way of looking at the matter. The last word of the judge to the jury was that if they found there was no negligence or culpability, they must find for the defendant on the second count. The answer of the judge to their question was short and incisive. The jury must have had no difficulty in recalling what had been said after they had returned to their deliberations. It does not appear that they had any further doubt about the matter that they had asked to have cleared up. We think they must have understood that the judge had told them that if they did not find negligence, the plaintiff could not recover. The word "no" in the first part of the judge's answer is the troublesome thing, and it would have been better if, instead of qualifying that word, as we think he did, he had withdrawn it. But the failure to do this would not amount to error, if the jury understood, as we think they must have, that the word "no" was qualified by what was said immediately thereafter. See *Lamoureux* v. *New York, New Haven & Hartford Railroad*, 169 Mass. 338, 340–341; *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 145, 146. We think it must be inferred from the verdict that the jury found that the defendant was not negligent.

The plaintiff concedes in her brief that the instruction given "amounted to a direction that if the jury found there was no negligence or culpability sufficient to support a verdict" on count one, "then there was no negligence sufficient to support a verdict" on count two. And she contends that the trial judge did not give a complete answer to the inquiry, "for he failed to elucidate upon the alternative, namely, that if they were satisfied there was negligence that caused or contributed to the conscious suffering of plaintiff's intestate, then they could find for the plaintiff on Count (2)."

From this it well may seem that the plaintiff has conceded that the alleged error was not related to the possibility that the jury may have thought that the death was not caused by the injuries although the intestate may have suffered from them. But we think there is just enough in another statement in the plaintiff's brief to require the consideration that we have given to this aspect of the case.

What we have said disposes of the plaintiff's exception to the denial of her motion for new trial.

*Judgment for defendant on the verdicts.*