*Northern District*

No. 5112

## LYDON, INC.
### v.
## BERNARD LESSER

(August 2, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover for damages to two neon signs alleged to have been caused by the negligence of the defendant. The answer is a general denial and a plea of contributory negligence.

The only evidence reported by the trial judge is as follows:

"The plaintiff occupied a store in premises located at 617 East Broadway, South Boston, to the outside of which were attached two neon signs. The defendant was employed by the owner of the building to remove the upper structure of the building above the store and the neon signs. After the defendant undertook to remove the upper structure of the building, a section of the upper wall fell and some of the bricks fell onto the plaintiff's signs and damaged the same. The defendant had erected a staging over the sidewalk prior to commencing the work. The defendant and four of his employees were working on the premises near the portion of the wall which fell, but not on the wall, and damaged the plaintiff's sign at the time said portion of the wall collapsed."

The trial judge denied the following requests of the defendant:

"1. The Doctrine of Res Ipsa Loquitur does not apply to the facts in this action.

2. There is not sufficient evidence to warrant a finding for the plaintiff."

He made no findings of facts and found for the plaintiff.

We are of opinion that there was prejudicial error in the denial of the requests.

■■ The doctrine of *res ipsa loquitur* is applicable only in cases where the sole control and responsibility of the instrumentality causing the injury is in the defendant, and where the occurrence is of such character that within the common experience of mankind it would not happen without negligence of the person in control. *Pinney v. Hall,* 156 Mass. 225; *Thomas v. Boston El. Ry.,* 193 Mass. 438; *Walker v. Benz-Kid Co.,* 279 Mass. 533; *Cushing v. Jolles,* 292 Mass. 72; *McCabe v. Boston Cons. Gas Co.,* 314 Mass. 493; *Knych v. Trustees of NY, NH & H RR,* 320 Mass. 339. Thus it was held that the doctrine was not applicable in the following cases: A bust falling in a hall which was not in the exclusive control of the defendant. *Kendall v. Boston,* 118 Mass. 234. A piece of an angle iron from an unknown place. *Trim v. Fore River Ship Building Co.,* 211 Mass. 593. A piece of lumber falling from construction work overhead. *Kimball v. Fuller Co.,* 258 Mass. 232.

In the case at bar there is no evidence that the defendant or his employees were in exclusive control of the premises, nor that the portion of the wall that fell resulted from negligence on the part of the defendant.

■ This leaves to conjecture and surmise the exact cause of the falling of the bricks. *Hanna v. Shaw,* 244 Mass. 57; *Mucha v. Northeastern Crushed Stone Co.,* 307 Mass. 592; *Boyle v. Cambridge Gas Light Co.,* 331 Mass. 56, 63; *Wardwell v. Taylor,* 333 Mass. 302.

Since it was prejudicial error to deny the defendant's requests, the finding for the plaintiff is to be

vacated and a new finding is to be entered for the defendant.

No brief or argument for the plaintiff.

Norman Ostroff, for the defendant.