447 P.2d 672

**WESTERN SURETY COMPANY, a corporation, Plaintiff-Appellee,**

v.

**Paul D. REED, Defendant-Appellant.**

**No. 8695.**

Supreme Court of New Mexico.

Dec. 9, 1968.

Sheehan, Duhigg, Smith, & Cronin, Albuquerque, for appellant.

Keleher & McLeod, Ranne B. Miller, Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

The question presented is whether appellant's failure to pay to the County of Bernalillo monthly remittance due from his office as Justice of the Peace as provided by § 36–19–24, N.M.S.A.1953, constituted an act of defalcation and thereby created a debt not dischargeable in bankruptcy.

The facts in the case are not controverted. A complaint was filed by the County of Bernalillo in Small Claims Court against the appellant Reed alleging that he had failed, neglected and refused to pay to the County Treasurer monthly remittances due from his office as a Justice of the Peace in violation of § 36–19–24, N.M.S.A.1953. The complaint shows that the appellant submitted a check for the amount allegedly due but that it was returned marked "account closed." A default judgment was entered in favor of the County and against the appellant. Thereafter, the County of Bernalillo assigned all of its rights in the

judgment to the appellee, Western Surety Company. Subsequent to the entry of judgment appellant filed voluntary bankruptcy proceedings in which he scheduled the judgment in question, and was declared a bankrupt.

Appellee first attempted to enforce the judgment in Small Claims Court. That court, however, entered an order holding that the judgment was unenforceable since it was properly discharged in the bankruptcy proceedings.

Appellee appealed to the district court which found and concluded that the judgment had not been discharged by the bankruptcy proceedings, and that the judgment was for a debt created by appellant's defalcation. Judgment was entered accordingly and appellant appeals.

The appellant contends that there was no defalcation within the meaning of the Bankruptcy Act, 11 U.S.C. § 35(a) (4). He contends that to constitute a defalcation within the meaning of the Act there must be proof of bad faith or misconduct, citing Aetna Casualty & Surety Co. v. Lauerman, 12 Wis.2d 387, 107 N.W.2d 605; Indemnity Insurance Co. v. Leibrock, 55 N.Y.S.2d 3 (Sup.Ct.). He further asserts that a judgment against a public officer is neither conclusive nor prima facie evidence of a defalcation, citing Courtney v. Beale, 84 Va. 692, 5 S.E. 708. These cases do not lend support to appellant. At most they show situations where the deficits involved resulted from negligence or mistake; failure to withdraw funds from a bank which became insolvent; failure to use diligence in collecting tax claims; negligent failure to fill out and return to the veterans administration a questionnaire by which the ward suffered a loss of pension.

The failure of a Justice of the Peace to account for and remit fines, costs and forfeitures for which he is accountable under § 36-19-24, N.M.S.A.1953, is a defalcation within the meaning of the Act. National Surety Co. v. Lanza, 42 N.Y.S.2d 370 (Sup. Ct.); Orndorff v. State ex rel. McGill, 108 S.W.2d 206 (Tex.Civ.App.); National Surety Co. v. Wittich, 185 Minn. 321, 240 N.W. 888; City of Syracuse v. Roscoe, 66 Misc. 317, 123 N.Y.S. 403.

Defalcation means the failure of a fiduciary to account for money received in his fiduciary capacity, First Citizens Bank & Trust Co. v. Parker, 225 N.C. 480, 35 S.E.2d 489, 163 A.L.R. 1003, and likewise means the failure of a public officer to account for moneys received by him in his official capacity. National Surety Co. v. Lanza, supra. It may imply some measure of bad faith or misconduct, but it is not synonymous with fraud, embezzlement, or misappropriation. See Annot., 163 A.L.R. 1008. A defalcation is shown where the act involves a known breach of duty and not mere negligence or mistake. Central Hanover Bank & Trust Co. v. Herbst, 93 F.2d 510 (2d Cir. 1937). It is clear here that appellant as Justice of the Peace was required by § 36-19-24, N.M.S.A.1953, to make monthly remittance of all fines and costs imposed and forfeitures collected by him during the previous month. This is an affirmative duty imposed by the statute and a duty of which the appellant was well aware. In failing to make the remittance the appellant committed a known breach of duty and the debt created thereby was the result of defalcation not dischargeable in bankruptcy.

We have fully considered all points urged by the appellant for a reversal and, finding no error, the judgment should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.