In re Stephen J. BRUNERO, Debtor.

Nansi R. LYNCH, Plaintiff,

v.

Stephen J. BRUNERO, Defendant.

Bankruptcy No. 97–12837.

Adversary No. 97–1134.

United States Bankruptcy Court,
D. Rhode Island.

July 6, 1998.

**264**

Stephen J. Brunero, West Warwick, RI, pro se.

David F. Reilly, Reilly, Oliver & Olsen, Wickford, RI, for plaintiff.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, Chapter 7 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on cross Motions for Summary Judgment, on the Plaintiff's Complaint to have her claim declared nondischargeable. For the reasons discussed below, we GRANT the Plaintiff's Motion for Summary Judgment, DENY the Defendant's Motion for Summary Judgment, and hold that the debt is nondischargeable under 11 U.S.C. § 523(a)(4).

### BACKGROUND

The Debtor, Stephen Brunero, Esq., is an attorney who in July 1986 was hired by the creditor Nansi Lynch to pursue a claim for injuries she sustained in a motor vehicle accident. In September 1987, the personal injury case was settled for $197,500, with structured payments to be made over ten years. Mr. Brunero charged Lynch $65,175 for han-

dling the personal injury matter, and he deducted $60,000 from Lynch's first payment, which was in the total amount of $70,000.

In 1995, Lynch filed suit in the Kent County Superior Court against Brunero, alleging fraud and breach of fiduciary duty. In March 1997, after trial, a jury found that Brunero "breached his fiduciary relationship" to Lynch by failing to disclose information necessary for her to make an informed decision regarding the 1987 personal injury settlement. Additionally, the jury found that Lynch did not knowingly agree to an additional fee of $5,000 taken by Brunero in 1994, and that the actual value of the additional service performed by Brunero was $400. The jury also found that Brunero fraudulently concealed or withheld two other items: (1) a $1,000 medical reimbursement payment; and (2) a $308 auto rental reimbursement payment. *See* Exhibit B to Plaintiff's Motion for Summary Judgment. Judgment in the amount of $48,553 entered against Brunero, and on July 3, 1997, he filed a voluntary Chapter 7 petition. On August 28, 1997, Lynch filed the instant complaint.

### DISCUSSION

The Plaintiff argues that under the doctrine of collateral estoppel her debt should be determined to be nondischargeable under 11 U.S.C. § 523(a)(4). The Debtor argues that the jury in the state court proceeding never made a finding of fraud or defalcation, and that collateral estoppel is therefore not applicable. We conclude, based upon the jury's findings and verdict, that collateral estoppel applies and that Lynch's Motion for Summary Judgment is well founded.

"[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan v. Garner,* 498 U.S. 279, 284, n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was actually decided in previous litigation "between the parties, whether on the same or a different claim." ... When there is an identity of the parties in subsequent actions, a

party must establish four essential elements for a successful application of issue preclusion to the later action: 1. the issue sought to be precluded must be the same as that involved in the prior action; 2. the issue must have been actually litigated; 3. the issue must have been determined by a valid and binding final judgment; and 4. the determination of the issue must have been essential to the judgment. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994). Section 523(a)(4) exempts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

 The term "fiduciary" is narrowly defined in the bankruptcy context and the "fiduciary relationship referred to in § 523(a)(4) ... [is] limited to express and technical trusts." *In re Cairone,* 12 B.R. 60, 62 (Bankr.D.R.I.1981) (*citing Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934)). The attorney-client relationship is a fiduciary relationship within the meaning of Section 523(a)(4). *See In re Ducey,* 160 B.R. 465 (Bankr.D.N.H.1993); *In re Goldberg,* 12 B.R. 180, 183 (Bankr.D.N.J. 1981). Defalcation is defined as " 'the failure of one who has received moneys in trust to pay it over as he ought.' " *In re Cairone,* 12 B.R. at 63 (*quoting In re Herbst,* 22 F.Supp. 353, 354 (S.D.N.Y.), *aff'd, Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510 (2d Cir.1937)). "Defalcation has a broader application than fraud, and may cover cases even where the default is innocent." *American Title Insurance Co. v. Marderosian (In re Marderosian),* 186 B.R. 341, 346 (Bankr. D.R.I.1995).

In the state court action, the jury found: (1) that Mr. Brunero was "a fiduciary"; (2) that he breached his fiduciary duty by failing to disclose to Lynch information regarding her personal injury settlement; and (3) that Lynch was damaged as a direct consequence of the breach. The proceedings in the Rhode Island Superior Court satisfy the four elements of collateral estoppel delineated in *Grella,* 42 F.3d at 30. Therefore, we find and/or conclude that the Defendant has had his complete day in court, and that the Plaintiff is entitled to judgment as a matter of law,

pursuant to 11 U.S.C. § 523(a)(4). Accordingly, the Plaintiff's Motion for Summary Judgment is GRANTED, and the Defendant's cross Motion for Summary Judgment is DENIED.

Enter judgment consistent with this opinion.